# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRITTANI HENRY, et al.** : | |
| : | |
| Plaintiffs, : | Case No. 1:14-CV-00129 |
| : | |
| v. : | JUDGE TIMOTHY S. BLACK |
| : | |
| **THEODORE E. WYMYSLO, M.D., et al.** : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANT DIRECTOR OF THE OHIO DEPARTMENT OF HEALTH'S ANSWER TO THE PLAINTIFFS' COMPLAINT [DOC. NO. 1]

In Answer to Plaintiffs' Complaint in this action, Defendant, Director of the Ohio Department of Health ("Defendant"), hereby states as follows:

1. The allegations in Paragraph 1 of the Complaint contain legal conclusions to which no response is required here. Answering further, Defendant states that the decisions in *Obergefell v. Wymyslo,* 1:13-cv-501, 2013 WL 6726688 *1 (S.D. Ohio Dec. 23, 2013); *Kitchen v. Herbert*, 2:13-cv-217, 2013 WL 6697874 (D. Utah Dec. 20, 2013) and *Bishop v. U.S. ex rel. Holder*, 04-CV-848, 2014 WL 116013 (N.D. Okla. Jan. 14, 2014) speak for themselves, and denies that Plaintiffs' Complaint alleges any violation of law by the Defendant and that Plaintiffs are entitled to the relief sought.

2. Defendant admits that Plaintiffs' claims purport to arise under federal law. Answering further, Defendant denies that this Court has jurisdiction over Plaintiffs' claims.

3. Defendant admits that venue is proper.

4. Defendant does not dispute[1] that Plaintiffs Brittani Henry and Brittni Rogers reside in Cincinnati, Ohio and have submitted information stating that they were married under the laws of the state of New York and that Ms. Henry is pregnant and expecting to deliver a baby in June 2014. Answering further, Defendant states that the allegations in Paragraph 4 of the Complaint contain legal conclusions to which no response is required here.

5. Defendant does not dispute that Plaintiffs Georgia Nicole and Pamela Yorksmith reside in Florence, Kentucky and have submitted information stating that they were married under the laws of the state of California and that Ms. Nicole Yorksmith is pregnant and expecting to deliver a baby in June 2014. Answering further, Defendant states that the allegations in Paragraph 5 of the Complaint contain legal conclusions to which no response is required here.

6. Defendant does not dispute that Plaintiffs Kelly Noe and Kelly McCracken reside in Kentucky and have submitted information stating that they were married under the laws of the state of Massachusetts and that Ms. Noe is pregnant and expecting to deliver a baby in June 2014. Answering further, Defendant states that the allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required here.

---

[1] In this Answer, the phrase "does not dispute" is used to respond to Plaintiffs' factual allegations of a personal nature that Defendant is unable to admit or deny because of lack of knowledge, but will not dispute for purposes of this litigation.

7. Defendant does not dispute that Plaintiffs have submitted information stating that Plaintiffs Joseph Vitale and Robert Talmas adopted Plaintiff Adopted Child Doe under the laws of the state of New York and that Adopted Child Doe resides with Plaintiffs Vitale and Talmas in New York City. Answering further, Defendant states that the allegations in Paragraph 7 of the Complaint contain legal conclusions to which no response is required here.

8. Defendant does not dispute that Plaintiffs Joseph Vitale and Robert Talmas have submitted information stating that they were married under the laws of the state of New York and reside in New York City. Answering further, Defendant states that the allegations in Paragraph 8 of the Complaint contain legal conclusions to which no response is required here.

9. Defendant denies that Adoption S.T.A.R. has standing to pursue claims on behalf of future clients, and denies that this Court has jurisdiction over Adoption S.T.A.R.'s claims. Defendant lacks sufficient knowledge to admit or deny that Plaintiff Adoption S.T.A.R. is a non-profit child placing agency licensed in Ohio. Answering further, Defendant states that the allegations in Paragraph 9 of the Complaint contain legal conclusions to which no response is required here.

10. Defendant admits that Theodore E. Wymyslo, M.D. is the former Director of the Ohio Department of Health. Answering further, Defendant states that the remaining allegations in Paragraph 7 are legal conclusions to which no response is required here.

11. Defendant admits that Dr. Camille Jones is the Local Registrar of the Cincinnati Health Dept. Office of Vital Records. The remaining allegations in Paragraph 11 are legal conclusions to which no further response is required here.

12. Defendant does not dispute the allegations in Paragraph 12 of the Complaint.

13. Defendant does not dispute the allegations in Paragraph 13 of the Complaint.

14. Defendant does not dispute the allegations in Paragraph 14 of the Complaint.

15. Defendant does not dispute the allegations in Paragraph 15 of the Complaint.

16. Defendant does not dispute the allegations in Paragraph 16 of the Complaint.

17. Defendant does not dispute the allegations in Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

19. The allegations concerning Ohio law in Paragraph 19 of the Complaint are legal conclusions or assertions to which no response is required. Answering further, Defendant states that Ohio law speaks for itself.

20. The allegations in Paragraph 20 of the Complaint contain legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

21. Defendant does not dispute the allegations in Paragraph 21 of the Complaint.

22. Defendant does not dispute the allegations in Paragraph 22 of the Complaint.

23. Defendant does not dispute the allegations in Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint contain legal conclusions and assertions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

25. The allegations in Paragraph 25 contain assertions to which no response is required here, or that are outside of Defendant's knowledge.

26. The allegations in Paragraph 26 of the Complaint contain legal conclusions and assertions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

27. Defendant does not dispute the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 of the Complaint are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

29. The allegations in Paragraph 29 of the Complaint contain legal conclusions and other assertions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

30. The allegations in Paragraph 30 of the Complaint are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

31. Defendant does not dispute the allegations in Paragraph 31 of the Complaint.

32. Defendant does not dispute the allegations in Paragraph 32 of the Complaint.

33. Defendant does not dispute the allegations in Paragraph 33 of the Complaint.

34. Defendant does not dispute the allegations in Paragraph 34 of the Complaint.

35. Defendant does not dispute the allegations in Paragraph 35 of the Complaint.

36. Defendant does not dispute the allegations in Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

38. The allegations in Paragraph 38 of the Complaint contain legal conclusions and other assertions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

39. The allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law regarding birth certificates speaks for itself.

40. Defendant does not dispute the allegations in Paragraph 40 of the Complaint.

41. Defendant does not dispute the allegations in Paragraph 41 of the Complaint.

42. Defendant does not dispute the allegations in Paragraph 42 of the Complaint.

43. Defendant does not dispute the allegations in Paragraph 43 of the Complaint.

44. Defendant does not dispute the allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint contain legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

46. The allegations in Paragraph 46 of the Complaint contain legal conclusions and other assertions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

47. The allegations in Paragraph 47 of the Complaint are legal conclusions to which no response is required here.  Answering further, Defendant states that Ohio law regarding birth certificates speaks for itself.

48. Defendant denies the allegations in Paragraph 48 for lack of knowledge. Answering further, Defendant denies that this Court has jurisdiction to consider Plaintiff Adoption S.T.A.R.'s claims and further denies that Adoption S.T.A.R. has standing to pursue any claims in this case.

49. Defendant denies the allegations in Paragraph 49 for lack of knowledge. Answering further, Defendant denies that this Court has jurisdiction to consider Plaintiff Adoption S.T.A.R.'s claims and further denies that Adoption S.T.A.R. has standing to pursue any claims in this case.

50. The allegation in Paragraph 50 of the Complaint is a legal conclusion to which no response is required here.

51. The allegation in Paragraph 51 of the Complaint is a legal conclusion to which no response is required here.

52. The allegation in Paragraph 52 of the Complaint is a legal conclusion to which no response is required here.

53. The allegation in Paragraph 53 of the Complaint is a legal conclusion to which no response is required here.

54. The allegation in Paragraph 54 of the Complaint is a legal conclusion to which no response is required here.  Answering further, Defendant states that the decision in *United States v. Windsor*, 33 S.Ct. 2675 (June 26, 2013) speaks for itself.

55. Pursuant to its Constitution and statutory law, the State of Ohio does not recognize same-sex marriage. Defendant further states that Paragraph 55 of the Complaint contains a legal conclusion to which no response is required here.

56. Defendant states that the law of the State of Ohio does not recognize same-sex marriage, and that Paragraph 56 of the Complaint quotes a portion of an Ohio statute. Defendant further states that Paragraph 56 of the Complaint contains a legal conclusion to which no response is required and/or a statement of law that speaks for itself.

57. Defendant states that the People of the State of Ohio have, by popular vote, amended the Ohio Constitution to include the language quoted in Paragraph 57 of the Amended Verified Complaint, and further notes that the constitutional provision speaks for itself and that Paragraph 57 contains a legal conclusion to which no response is required here and/or a statement of law that speaks for itself.

58. The allegations in Paragraph 58 of the Complaint contain legal conclusion to which no response is required here. To the extent any response is required, Defendant denies the allegations in Paragraph 58 and specifically denies that Plaintiffs have stated any violation of law and denies that Plaintiffs are entitled to any relief.

59. The state of Ohio does not recognize same-sex marriage. The remaining allegations in Paragraph 59 are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

60. The state of Ohio does not recognize same-sex marriage. The remaining allegations in Paragraph 60 are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

9

61. The state of Ohio does not recognize same-sex marriage. The remaining allegations in Paragraph 61 are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

62. The state of Ohio does not recognize same-sex marriage. The remaining allegations in Paragraph 62 are legal conclusions to which no response is required here. Answering further, Defendant states that Ohio law speaks for itself.

63. Defendant denies the allegations in Paragraph 63 and specifically denies that Plaintiffs have stated any violation of law.

64. Defendant denies the allegations in Paragraph 64 and specifically denies that Plaintiffs have stated any violation of law.

65. Defendant denies the allegations in Paragraph 65 and specifically denies that Plaintiffs have stated any violation of law.

66. Defendant denies the allegations in Paragraph 66 and specifically denies that Plaintiffs have stated any violation of law. Answering further, Defendant states that this Court's order in *Obergefell* and the Supreme Court's decision in *Windsor* speak for themselves and denies that these decisions entitle Plaintiffs to relief.

67. Defendant denies the allegations in Paragraph 67 and specifically denies that Plaintiffs have stated any violation of law.

68. Defendant denies the allegations in Paragraph 68 and specifically denies that Plaintiffs have stated any violation of law. Further answering, Defendant is without knowledge as to travel plans referenced in Paragraph 68.

69. The allegations in Paragraph 69 are legal conclusions to which no response is required here.

70. The allegations in Paragraph 70 are legal conclusions or other assertions to which no response is required here.

71. Defendant denies the allegations in Paragraph 71 and specifically denies that Plaintiffs have stated any violation of law. Answering further, Defendant states that this Court's order in *Obergefell* and the Supreme Court's decision in *Windsor* speak for themselves and denies that these decisions entitle Plaintiffs to relief.

72. Defendant denies the allegations in Paragraph 72 to the extent they do not state legal conclusions and other assertions to which no response is required. Answering further, Defendant states that this Court's order in *Obergefell* speaks for itself and denies that the decision entitles Plaintiffs to relief.

73. Defendant will not dispute the Court's taking judicial notice of the *Obergefell* record in it is entirety, insofar as the record includes all pleadings and briefs submitted in connection with that litigation.

74. Defendant denies the allegations in Paragraph 74 and specifically denies that Plaintiffs have stated any violation of law.

75. Defendant denies the allegations in Paragraph 75 and specifically denies that Plaintiffs have stated any violation of law.

76. Defendant denies the allegations in Paragraph 76 and specifically denies that Plaintiffs have stated any violation of law.

77. Defendant denies the allegations in Paragraph 77 of the Complaint and specifically denies that Plaintiffs have stated any violation of law.

78. Defendant denies the allegations in Paragraph 78 and specifically denies that Plaintiffs have stated any violation of law.

79. Defendant denies all allegations set forth in the Prayer for Relief and specifically denies that Plaintiffs are entitled to any relief.

80. Defendant denies all allegations not expressly admitted or specified as not disputed.

WHEREFORE, having answered Plaintiffs' Complaint, Defendant raises the following defenses, including affirmative defenses.

## FIRST DEFENSE

This Court lacks jurisdiction over Plaintiffs' claims, and in particular, the claims of Plaintiff Adoption S.T.A.R.

## SECOND DEFENSE

Plaintiff Adoption S.T.A.R. lacks standing to pursue any claims in this case, and its claims are not ripe.

## THIRD DEFENSE

81. Plaintiffs fail to state a claim on which relief may be granted.

## FOURTH DEFENSE

Article XV, Section 11 of the Ohio Constitution as adopted by vote of the People of the State of Ohio does not violate Plaintiffs' rights under the United States Constitution. Provisions of Ohio's Constitution may not be set aside without warrant in law.

## FIFTH DEFENSE

Ohio Revised Code § 3101.01(C)(2) does not violate Plaintiffs' rights under the United States Constitution. Duly adopted provisions of Ohio statute may not be set aside without warrant in law.

**SIXTH DEFENSE**

The federal government, through duly enacted statute signed by the President of the United States, has affirmed and ratified the authority of the State of Ohio not to recognize same-sex marriages from other jurisdictions. *See* 28 U.S.C.A. § 1738C.

**SEVENTH DEFENSE**

Defendant reserves the right to add defenses, including affirmative defenses, as may be disclosed during the course of this proceeding

                Respectfully submitted,

                MICHAEL DEWINE (0009181)
                Ohio Attorney General

                */s/ Ryan L. Richardson*
                RYAN L. RICHARDSON (00090382)*
                    *Lead and Trial Counsel*
                BRIDGET E. COONTZ (0072919)
                ZACHERY P. KELLER (0086930)
                Assistant Attorneys General
                Constitutional Offices Section
                30 East Broad Street, 16th Floor
                Columbus, Ohio 43215
                Tel: (614) 466-2872; Fax: (614) 728-7592
                ryan.richardson@ohioattorneygeneral.gov
                bridget.coontz@ohioattorneygeneral.gov
                zachery.keller@ohioattorneygeneral.gov

                *Counsel for Theodore E. Wymyslo, M.D.,*
                *Director of the Ohio Department of Health*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on February 25, 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Ryan L. Richardson*
RYAN L. RICHARDSON (00090382)*
Assistant Attorney General
