# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BRITTANI HENRY, et al.** | : |
| Plaintiffs, | : Case No. 1:14-CV-00129 |
| v. | : JUDGE TIMOTHY S. BLACK |
| **LANCE HIMES, et al.,** | : |
| Defendants. | : |

## DEFENDANT'S MOTION FOR STAY OF THE COURT'S PERMANENT INJUNCTION (DOC. NO. 29) PENDING APPEAL

This Court noted in its *Order Granting Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction* that: "The Court is inclined to stay its finding of facial unconstitutionality but not to stay the Orders as to the as-applied claims of the four couples who are Plaintiffs …. The Court inclines toward a finding that the issuance of correct birth certificates for Plaintiffs' children, due in June or earlier, should not be stayed." (Doc. No. 28 at 40, fn 25.)  Pursuant to Federal Rule of Civil Procedure 62, Interim Director Lance Himes respectfully requests that this Court do as it is inclined to do.  That is Interim Director Himes requests—in keeping with the contours outlined by the Court—that this Court stay pending appeal to the Sixth Circuit Court of Appeals its *Order Granting Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction* (Docs. No. 28 & 29) except as it relates to the individual Plaintiffs for the issuance of the birth certificates they sought.

To be clear, although Interim Director Himes preserves the right to amend birth certificates should he prevail on appeal, he does not seek a stay of any relief afforded to the individual name Plaintiffs as it relates to the issuance of the birth certificates they were granted.  Rather, Interim Director Himes limits this request for a stay to relief *extending beyond the individual Plaintiffs in this case*.

Plaintiffs do not and cannot cite to a single decision striking down a state's marriage laws that has not ultimately been stayed.  To the contrary, stays have become the norm in this area, and courts deviating from it have been reversed.  Both the Supreme Court and Sixth Circuit have stayed recent district court orders enjoining enforcement of state marriage same-sex marriage laws.  *Herbert v. Kitchen*, 134 S. Ct. 893 (2014); *Deboer v. Snyder*, No. 14-1341, Slip Order (6th Cir. Mar. 25, 2014) (Doc. No. 22-1).  Several district courts reaching decisions as to same-sex marriage laws have also granted stays pending appeal.  *See Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252, 1296 (N.D. Okla. 2014); *Bourke v. Beshear*, — F. Supp. 2d —, 2014 WL 556729 at *14 (W.D. Ky. 2014); *De Leon v. Perry*, No. SA–13–CA–00982, 2014 WL 715741, at *28 (W.D. Tex. Feb. 26, 2014); *Bostic v. Rainey*, No. 2:13cv395, 2014 WL 561978, at *23 (E.D. Va. Feb 13, 2013).

Federal Judge John G. Heyburn II's opinion in *Bourke v. Beshear*, on which this Court relied in reaching its decision (Doc. No. 28 at 26), is particularly instructive.  *See* 2014 WL 556729 at *14.  In *Bourke*, the court struck down Kentucky's prohibition on recognition of out-of-state same-sex marriages, but granted the defendant's request for a stay pending appeal.  Judge Heyburn noted that the United States Supreme Court sent a "strong message" that "cannot be easily ignored" when it granted a stay of the district court's order in *Herbert v. Kitchen.  Id.*; *see also DeLeon*, 2014 WL 715741, at *28 (stay issued "in accordance with

the Supreme Court's issuance of a stay in *Herbert v. Kitchen*"); *Bostic,* 2014 WL 561978, at *23 (stay issued "in accordance with the Supreme Court's issuance of a stay in *Kitchen v. Herbert*"). Granting the stay of its recognition order in *Bourke,* the court stated: "[i]t is best that these momentous changes occur upon full review, rather than risk premature implementation or confusing changes. That does not serve anyone well." 2014 WL 556729, at *14.

As in *Bourke,* this Court's order is a momentous change in Ohio's marriage law, that will require widespread—but in light of appeal, possibly temporary—changes in Ohio law. The public interest and other parties are not served by such confusion. In addition to the harms that would come with confusion in various governmental settings, a special harm arises if same-sex couples not party to this case prematurely rely on this Court's decision, and spend time and money based on that reliance. Some might change estate plans or other arrangements. Some might even travel to other States to marry, counting—prematurely—upon Ohio's recognition of their marriages when they return. Indeed, news reports describe efforts to do just that, based on *this case.* "Columbus gays travel to Chicago to marry," *Columbus Dispatch,* Apr. 11, 2014, avail. at http://www.dispatch.com/content/stories/local/2014/04/11/couples-head-out-to-chicago-to-marry.html. That article cites a lawyer suggesting that couples should rush legal actions to take advantage of what might be a narrow window between the Court's order and an anticipated stay from the Sixth Circuit. *See id.* This response confirms the need for a stay.

Premature implementation of such sweeping change should be avoided where such change might be temporary. This is especially true here, where the Court's order extends far beyond the matters pleaded in Plaintiffs' Complaint or contemplated by the hearing schedule.

And the Sixth Circuit confirmed this approach just three weeks ago when it granted a stay in a Michigan marriage case. *Deboer v. Snyder*, No. 14-1341, Slip Order (6th Cir. Mar. 25, 2014) (Doc. No. 22-1).  Notably, that stay came *after* all of the recent district court decisions but one.  (Doc. No. 28, fn 2.)  Plaintiffs purport to distinguish the Supreme Court's stay in *Kitchen* by suggesting that it does not apply because it came so early.  That is wrong on its own terms, but more importantly, it ignores the Sixth Circuit's *DeBoer* stay.

Appeals courts around the country are just beginning to address the issues implicated by this case.  And the law that Ohio seeks to uphold has been the prevailing definition of marriage throughout almost all of this nation's history.  Moreover, to justify the granting of a stay, "a movant need not always establish a high probability of success on the merits." *Michigan Coalition of Radioactive material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted).  Instead, "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay.  Simply stated, more of one excuses less of the other."  *Id.* (internal citation omitted).  Plaintiffs will not suffer any irreparable injury if stay is granted in this case because the State is not seeking to stay the birth certificate relief granted to them.   They will get the birth certificates that they seek.  The State is only seeking to stay relief that that extends *beyond* such relief to the Plaintiffs.

The United States Supreme Court's decision to grant a stay in *Kitchen* "cannot be easily ignored". *Bourke,* 2014 WL 556729, at *14.  The weight of legal precedent and the need to avoid making widespread—but possibly temporary—changes to Ohio law justify the issuance a stay in this case.  These considerations outweigh any irreparable injury to the Plaintiff, when the relief this Court granted to them will remain un-touched with the stay in

place.  Interim Director Himes respectfully requests this Court to do what it is inclined to do and stay enforcement of any injunctive relief that extends beyond the individual Plaintiffs' requests for recognition on birth certificates pending appeal to the Sixth Circuit Court of Appeals.

    Respectfully submitted,

    MICHAEL DeWINE (0009181)
    Ohio Attorney General

    */s/ Ryan L. Richardson*
    RYAN L. RICHARDSON (00090382)*
       *\*Lead and Trial Counsel*
    BRIDGET E. COONTZ (0072919)
    ZACHERY P. KELLER (0086930)
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    ryan.richardson@ohioattorneygeneral.gov
    bridget.coontz@ohioattorneygeneral.gov
    zachery.keller@ohioattorneygeneral.gov

    *Counsel for Lance Himes,*
    *Director of the Ohio Department of Health*

### CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2014, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

    */s/ Ryan L. Richardson*
    RYAN L. RICHARDSON (00090382)
    Assistant Attorney General