UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRITTANI HENRY, *et al.*, | : | Case No. 1:14-cv-129 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| LANCE HIMES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING IN PART
DEFENDANT HIMES'S MOTION
FOR STAY OF INJUNCTION PENDING APPEAL**

This case is before the Court on Defendant Himes's oral motion for a stay of the Court's final orders pending appeal and the parties' responsive memoranda.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have recently stayed district court orders enjoining enforcement of state laws related to same-sex marriage. *Herbert v. Kitchen*, 134 S. Ct. 893 (2014); *Deboer v. Snyder*, No. 14-1341 (6th Cir. Mar. 25, 2014). Most district courts finding state laws related to same-sex marriage unconstitutional have also stayed their own decisions pending appeal. *See Bourke v. Beshear*, No. 3:13-CV-750-H, 2014 WL 556729, at *14 (W.D. Ky. Feb. 12, 2014); *Bostic v. Rainey*, No. 2:13cv395, 2014 WL 561978, at *23 (E.D. Va. Feb 13, 2014); *De Leon v. Perry*, No. SA-13-CA-00982, 2014 WL 715741, at *28 (W.D. Tex. Feb. 26, 2014); *Bishop v. U.S. ex rel. Holder*, 962 F. Supp. 2d 1252, 1296 (N.D. Okla. 2014).

United States Judge John G. Heyburn II's opinion in *Bourke*, from which this Court quoted in reaching its decision on the merits, is particularly instructive. In *Bourke*, the court struck down Kentucky's marriage recognition ban, but granted the defendant's request for a stay pending appeal. *Id.,* 2014 WL 556729 at *14. Judge Heyburn noted that the Supreme Court sent a "strong message" that "cannot be easily ignored" when it granted a stay of the district court's order in *Herbert*. *Id.*[1] As Judge Heyburn observed: **"[i]t is best that these momentous changes occur upon full review, rather than risk premature implementation or confusing changes. That does not serve anyone well."** *Id.* This Court agrees.

While this Court believes that Defendant Himes is unlikely to prevail on the merits of his appeal,[2] and will not be irreparably harmed by compliance with the requirements of the United States Constitution, the Court acknowledges that recognition of same-sex marriages is a hotly contested issue in the contemporary legal landscape, and, if Defendant Himes's appeal *is* ultimately successful, the absence of a stay as to this

---

[1] *See also DeLeon*, 2014 WL 715741 at *28 (stay issued "in accordance with the Supreme Court's issuance of a stay in *Herbert v. Kitchen*"); *Bostic*, 2014 WL 561978 at *23 (stay issued "in accordance with the Supreme Court's issuance of a stay in *Kitchen v. Herbert*").

[2] **Since the Supreme Court's holding in *United States v. Windsor,* ten out of ten federal trial courts have all declared unconstitutional and enjoined similar bans in states across the country.** *See*, *Kitchen v. Herbert*, 2013 WL 6697874, at *30 (D. **Utah** Dec. 20, 2013); *Obergefell*, 962 F. Supp.2d at 997-98 (**Ohio**); *Bishop v. United States ex rel. Holder*, 2014 WL 116013, at *33-34 (N.D. **Okla**. Jan. 14, 2014); *Bourke v. Beshear*, 2014 WL 556729, at *1 (W.D. **Ky**. Feb. 12, 2014); *Bostic v. Rainey*, 2014 WL 561978, at *23 (E.D. **Va.** Feb. 13, 2014); *Lee v. Orr*, 2014 WL 683680 (N.D. **Ill.** Feb. 21, 2014); *De Leon v. Perry*, 2014 WL 715741, at *1, 24 (W.D. **Tex.** Feb. 26, 2014); *Tanco v. Haslam*, 2014 WL 997525, at *6, 9 (M.D. **Tenn.** Mar. 14, 2014); *DeBoer v. Snyder*, 2014 WL 1100794, at *17 (E.D. **Mich.** Mar. 21, 2014); *Baskin v. Bogan* (S.D. **Ind.** April 10, 2014) (J. Young).

Court's ruling of facial unconstitutionality is likely to lead to confusion, potential inequity, and high costs.  These considerations lead the Court to conclude that the public interest would best be served by the granting of a stay.  Premature celebration[3] and confusion do not serve anyone's best interests.  The federal appeals courts need to rule, as does the United States Supreme Court.

While "[t]he arc of the moral universe is long, … it [does] bend[] toward justice"[4] – albeit slowly, and properly so in this case, so full review can be achieved by our independent branch of government.

The same considerations and costs do not attach to Plaintiffs' as-applied claims, however, as Plaintiffs have demonstrated that a stay will irreparably harm them individually due to the imminent births of their children and other time-sensitive concerns, (as well as due to the continuing Constitutional violations).

Accordingly, based on the foregoing, Defendant Himes's motion for a stay pending appeal of the Court's ruling that Ohio's marriage recognition bans are facially unconstitutional is hereby **GRANTED**, but the Court's Orders as to the as-applied challenges of the eight individual Plaintiffs are **NOT STAYED**.

**<u>Ohio shall issue birth certificates for Plaintiffs' children which list both lawfully married same-sex spouses as parents.</u>**

---

[3] *See, e.g.*, "Columbus gays travel to Chicago to marry," Columbus Dispatch, Apr. 11, 2014, available at http://www.dispatch.com/content/stories/local/2014/04/11/couples-head-out-to-chicago-to-marry.html (brought to the Court's attention by the Defendant in its pleading (Doc. 31 at 3)).

[4] Martin Luther King, Jr. (March 25, 1965, Montgomery, Alabama)

**IT IS SO ORDERED.**

Date:  4/16/14 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge